[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
CT Page 12683
The plaintiff has brought this action against the defendant commissioner of the Department of Transportation. The plaintiff claims, inter alia, that the state has in effect appropriated a portion of his property without compensation and that various constitutional protections have been violated. The relief sought is a declaration that an unconstitutional taking has occurred and an injunction prohibiting the state from interfering with the use of the land until appropriate compensation is determined. The state has moved to dismiss the action on the bases of sovereign immunity and res judicata.
This action is apparently the latest in a long history of litigation between the plaintiff and various state officials. Nonetheless, for purposes of a motion to dismiss, the facts alleged in the complaint should, as a general proposition, be deemed to be true. See, e.g., Bardev. Board of Trustees, 207 Conn. 59, 61 (1988). The gravamen of the complaint is the allegation, not frivolous on its face, that a taking of property, or at least of some use of the property, has occurred.
It is true that the doctrine of sovereign immunity bars many actions against the state, and that actions against officials of the state, for acts done within their authority, are deemed to be actions against the state. Fetterman v. University of Connecticut, 192 Conn. 539, 550
(1984); Sentner v. Board of Trustees, 184 Conn. 339, 342 (1981). The doctrine of sovereign immunity does not, however, bar actions seeking declarations of rights and, in effect, damages, pursuant to ArticleFirst, § 11 of the Connecticut Constitution.[1] Textron, Inc. v.Wood, 167 Conn. 334, 342 (1974). Because the gravamen of the complaint is a claim for compensation for the taking of property without just compensation, the action is not barred by sovereign immunity.
The defendant appended to his motion a number of exhibits which show some of the history of the action, and he claims that the action is barred by res judicata. Even if this is so, res judicata is a defense and must be so pleaded. See, e.g., § 10-50 of the Practice Book.
The motion to dismiss is denied.
Beach, J.